██  In the Matter of ANGEL P. and Another, Children Alleged to be Permanently Neglected. CYNTHIA G.-P., Appellant; FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent, et al., Respondent. [843 NYS2d 288]—

Orders of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about April 15, 2005, which, to the extent appealed from, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the findings of permanent neglect against respondent mother based on her failure to plan for her children's future, as well as to maintain

substantial and continuous contact with the children, for a period of more than one year (Social Services Law § 384-b [7] [a]). Despite the diligent efforts of petitioner agency to strengthen the parental relationship, which included providing the mother with referrals to parenting skills classes, addressing her substance abuse problems and scheduling regular visitation, the mother failed, during the statutorily relevant time period, to complete the requisite programs and remain drug free (*see Matter of Tiffany R.*, 7 AD3d 297 [2004]), and her visits with the children were sporadic at best (*see Matter of Emily A.*, 216 AD2d 124 [1995]). Notably, during the last three months of the permanent neglect period, the mother failed to visit the children or maintain contact with the agency, which explains the sparse entries in the agency's progress notes during that period of time.

At the dispositional hearing, the agency sustained its burden of proof by establishing by a preponderance of the evidence that the best interests of the children would be served by terminating the mother's parental rights so as to facilitate the children's adoption by their foster mother, who has cared for the children for most of their lives and addressed their special needs (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The circumstances presented do not warrant a suspended judgment. Although the mother had completed several of the requisite programs by the time of the dispositional hearing, she remained uncooperative about random drug testing and failed to consistently attend an out-patient drug program.

We have considered respondent mother's remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.