■ In the Matter of NEHEMIAH C., a Child Alleged to be Permanently Neglected. DWAYNE C. et al., Appellants; CARDINAL MCCLOSKEY SERVICES, Respondent. [868 NYS2d 653]—

Respondent mother did not appear at the fact-finding hearing, and does not now challenge the finding of permanent neglect as against her. Regarding respondent father, clear and convincing evidence supported the finding of permanent neglect against him. Despite the diligent efforts of the agency to encourage and strengthen the parental relationship, the father failed to complete a drug-treatment program and missed more than a majority of his scheduled visits with his son (*see Matter of Angel P.*, 44 AD3d 448 [2007]; *Matter of Distiny Angelina N.*, 18 AD3d 755 [2005], *lv denied* 5 NY3d 706 [2005]). Furthermore, the father's proposal that his aunt and uncle would care for the child was not a viable plan for the child's future in light of their serious medical conditions (*see e.g. Matter of Monica Betzy D.*, 291 AD2d 289 [2002]; *Matter of LeBron*, 140 AD2d 276, 278 [1988]).

The evidence at the dispositional hearing was preponderant that termination of respondents' parental rights was in the child's best interests, where the child has lived almost his entire life with the foster mother, who has tended to his special needs (*see Matter of Taaliyah Simone S.D.*, 28 AD3d 371 [2006]). The evidence further demonstrates that in addition to their health

issues, the father's aunt and uncle did not have a close relationship with respondents or their other children, and while they were more educated and had a more reliable employment history than the foster mother, that is not a sufficient basis upon which to remove the child from the only home he has known and from a foster mother with whom he has bonded (*see Matter of Zarlia Loretta J.*, 23 AD3d 317 [2005]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.