■ In the Matter of JAIHEEM M.S. and Another, Children Alleged to be Permanently Neglected. SHARON H., Appellant; CHILDREN'S AID SOCIETY, Respondent. [879 NYS2d 133]—

Orders of disposition, Family Court, New York County (Jody Adams, J.), entered January 30, 2008, which terminated respondent mother's parental rights to her two sons after a fact-finding determination that she had permanently neglected them, and transferred custody to petitioner and the New York City Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The determination of permanent neglect was supported by clear and convincing evidence that respondent failed to plan for her children's future (Social Services Law § 384-b [7]; *see Matter of Star Leslie W.*, 63 NY2d 136 [1984]) by demonstrating the ability to address adequately their medical and emotional needs (*see Matter of Antonia Mykala P.*, 52 AD3d 224, 225 [2008], *lv denied* 11 NY3d 705 [2008]), or availing herself of parenting

classes addressed to the special needs of one of them (*see Matter of Elizabeth Amanda T.*, 52 AD3d 376 [2008], *lv denied* 11 NY3d 714 [2008]). The fact that she completed some of the programs does not indicate, under these circumstances, that she properly planned for her children's return (*see Matter of Wilfredo A.M.*, 56 AD3d 338 [2008]; *Matter of Violeta P.*, 45 AD3d 352 [2007]).

A preponderance of the evidence supports the determination that termination of parental rights to facilitate the adoptive process is in the best interests of both of these children (*see Star Leslie W.*, 63 NY2d at 147-148). Jaiheem is in a stable and caring environment provided by foster parents with whom he has lived his entire life, while Shavar is in the home of foster parents with whom he has lived since 2006 and who have addressed his special needs (*Matter of Wilfredo A.M.*, 56 AD3d 338 [2008], *supra*; *Matter of Angel P.*, 44 AD3d 448 [2007]). Both sets of foster parents wish to adopt, and there is every indication that they will continue to facilitate visits between the children after their adoptions (*see Matter of Victoria Marie P.*, 57 AD3d 282, 283 [2008]). Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.