■ In the Matter of FATOUMATA D., and Another, Children Alleged to be Neglected. SOKONA D. et al., Appellants; THE CHILDREN'S AID SOCIETY, Respondent. [954 NYS2d 31]—

Order of disposition, Family Court, New York County (Rhonda J. Cohen, J.), entered on or about May 25, 2011, which, to the extent appealed from as limited by the briefs, following fact-finding determinations that respondents-appellants had neglected the subject children, terminated respondent father's

parental rights to the subject children and transferred custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed with respect to the fact-finding determinations, and the appeal otherwise dismissed, without costs.

The agency proved, by clear and convincing evidence, that it exercised diligent efforts to reunite respondents with their children (Social Services Law § 384-b [7] [a], [f]). Respondents failed to preserve their argument that the agency failed to adequately address their language limitations (*Matter of Star Leslie W.*, 63 NY2d 136, 145 [1984]). In any event, the argument is unavailing. Respondent mother testified in English and communicated with her children in English, without raising any objection to the provision of services in English, as opposed to her native Soninke (*cf. Matter of Richard W.*, 265 AD2d 685, 687 [3d Dept 1999]). Further, respondent father testified that he understood English, and that he received clarification from the service providers when needed. Moreover, the court ordered an interpreter for the father after his counsel noted that he was not testifying in Soninke.

The agency also proved, by clear and convincing evidence, that respondents failed to plan for the children's future (*see* Social Services Law § 384-b [7] [a], [c]). Indeed, the record shows that respondents were unable to comprehend the nature and significance of the children's severe psychiatric and developmental disorders (*Matter of Jaiheem M.S.*, 62 AD3d 569, 569-570 [1st Dept 2009]). In addition, the father failed to attend all of his referred programming, was consistently late for visitation, and missed dozens of medical and educational appointments for the children (*see Matter of Jada Dorithah Solay McC. [Crystal Delores McC.]*, 95 AD3d 615, 615-616 [1st Dept 2012]).

The father cannot appeal from the dispositional part of the order, as it was entered upon his default (*see* CPLR 5511; *Matter of Aliyah Julia N. [Cecelia Lee N.]*, 81 AD3d 519, 519-520 [1st Dept 2011]). Were we to review that part of the order, we would conclude that termination of the father's parental rights, rather than a suspended judgment, is in the best interests of the children (*Star Leslie W.*, 63 NY2d at 147-148; *Aliyah Julia N.*, 81 AD3d at 520). The children have lived with their foster family for seven years, and the foster parents who have been trained to address their special needs wish to adopt them. By contrast, at the time of the dispositional hearing, the father had missed several visits with the children. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.