In the Matter of the Estate of Antonio C. Pessano, Deceased.

Surrogate's Court, New York County, August 13, 1943.

[redacted]

*Harold Wisan* and *Milton Winderman* for Girard Trust Company and others, petitioners.

*Samuel Levy,* special guardian for Anne C. Phillips and another, infants.

DELEHANTY, S. The special guardian for infants contingently interested in the estate of deceased filed nine objections to the account. The first of these raises issue as to the administration of the estate outside this State and to the making of investments in real property securities outside the State. It is dealt with at length hereafter.

[At this point, and at later points indicated by asterisks, other material included in the opinion of the Surrogate is omitted because of its subordinate importance.]

The fifth objection criticises investments of a total of $85,600 in real estate securities affecting properties in the States of Pennsylvania and New Jersey. Objection VI is an allied objection since it seeks surcharge for failure to allocate to this estate its ratable share of certain amortization payments made on the principal of the respective mortgages in which the estate had a participation. These objections V and VI are dealt with hereafter at length.

* * * * * * *

Reverting to objections I, V and VI the court notes that deceased died domiciled in this State. He had been domiciled elsewhere but had removed to this State with his wife and had established a domicile here at a time when the business in which he had a major interest had likewise removed here from another State and had established its main headquarters here. Some evidence was presented by the accounting parties respecting the prior history of deceased and respecting the residences of his children. The court deems that proof irrelevant. It holds that the questions at issue are to be determined on the basis of deceased's status as a resident of this State whose will has been duly probated in this State and whose fiduciaries have been appointed by and are responsible to a court of this State.

Deceased appointed as his fiduciaries his widow, his three daughters and a banking corporation of Philadelphia, Pa. The evidence establishes that the entire administration of the estate and all decisions respecting investments and reinvestments were made by the banking corporation and that the individual fiduciaries took no effective part in the administration of the estate. They are not thereby excused from responsibility of course since any damage to the trust estate by reason of their inaction is as much chargeable to them as if affirmative wrongdoing on their part existed.

The legal standard for the administration of the estate of one of our citizens is declared in *Ormiston* v. *Olcott* (84 N. Y. 339, 343) and in many other cases in our courts. The rule is that a resident's estate should be administered here and the estate investments and securities kept here. In particular the rule is that no investment shall be made in land or in securities affecting land located without this State. Our statutes permit a foreign banking corporation to qualify as a fiduciary in this State. That fact does not authorize the administration of the estate elsewhere than in this State. There is no lack of conveniences for estate administrations in this State. When the business in which deceased had been active throughout his business life came to this State deceased (one of its principal managers) concurred in that decision. The advantages flowing to businesses and individuals from domicile in this State have made it the chief center of business administration for the entire country. The establishment of a domicile here by deceased was of his choice and, if it is to be related to his prior domicile at all, is to be construed as a purposeful change. The fact that of the fiduciaries only his widow was domiciled here does not warrant any conclusion that deceased authorized any departure from the standard of estate administration established in this State for the estates of its citizens.

It is peculiarly essential that in the case of the estate of one of our citizens no investment should be made in land or in liens on land located outside this State. Such land and such liens are wholly within the control of the jurisdiction in which the land is located. In trust administrations the principle has been established by legal decision that investments in land and in liens on land by fiduciaries should be limited to land located within this State. The difficulties imposed by alien laws in respect of property which can never be brought within the control of the courts of this State are so substantial that there should be no departure from this standard rule unless a testator in specific terms authorizes such investments.

The accounting parties seek to justify the investment in liens on New Jersey and Pennsylvania land by the terms of the will of deceased. The will says that the fiduciaries may invest the funds in their charge " in any form of securities without regard to requirements of any law as to investments of executors and trustees, but shall have full power and authority to invest in any securities, stocks, bonds or other investments which, in their judgment, are safe and for the best interest of my estate ". The court holds that that text does not authorize the investment in liens on land located outside this State and that the controlling standards of proper estate administrations are not dispensed with by this text. These fiduciaries could not offer this text to justify a " wild-cat " oil venture in Texas or a prospecting for gold in Alaska. They remained bound by the fundamentals of fiduciary duty despite this text. Only the limitations to legal securities as defined in our statutes are dispensed with, but nothing more. The terms of the will are held not to be a cover for the investments referred to in objection V. On that ground alone the court holds the fiduciaries liable as asked by the special guardian. But for the sake of completeness the court will also rule on the other aspects of the investments which are criticized by the special guardian and which in his report are asserted to make the respective investments unsuitable intrinsically for the funds of this estate. In addition to complaint respecting the character of the security behind the investments the special guardian also attacks the procedure of the corporate executor in recording the investment and in reporting it to the parties in interest and he also complains of the negligent management of the investments after they had been made. These aspects of the objections are dealt with hereafter.

\* \* \* \* \* \* \*

Subdivision (b) of objection VI refers to the supposed overcharge and foreclosure costs and expenses in relation to the mortgage on the vacant land referred to above. The accounting parties have accepted as true the representations of fact contained in the special guardian's report in this regard and in any event such excess charge would have to be reversed. However as to foreclosure costs and charges to the estate for tax payments and the like made in relation to properties in which the estate held participations the ruling of the court sustaining the objections of the special guardian carries with it the obligation of the fiduciaries to refund to the estate all capital charges made by reason of the original investment or the later

handling of it. The total cash is to be replaced in principal account and upon such replacement the fiduciary making repayment will be entitled to take over for his own account the investment thus made good.

Submit, on notice, decree accordingly.