In the Matter of the Estate of ANTONIO C. PESSANO, Deceased. GIRARD TRUST COMPANY et al., as Executors and Trustees under the Will of ANTONIO C. PESSANO, Deceased, Appellants; ANNE C. PHILLIPS et al., Infants, by SAMUEL LEVY, Their Special Guardian, Respondents.

First Department, June 15, 1945.

*Harold Wisan* of counsel (*Edwin W. Cooney* with him on the brief; *Schapiro, Wisan & Schapiro* and *Mitchell, Capron, Marsh, Angulo & Cooney,* attorneys), for appellants.

*Samuel Levy* (*Morris J. Bricker* with him on the brief), special guardian for infants, Anne Colahan Phillips and William Morgan Phillips, respondents.

GLENNON, J. This proceeding was brought by executors and testamentary trustees for the judicial settlement of their accounts from April, 1927, to April, 1940. The account is intermediate since the trust continues and there is no distribution of principal.

The first intermediate account was settled by decree of the Surrogate's Court of New York County, April 27, 1928. This appeal is from so much of the decree of the Surrogate, dated February 29, 1944, as sustained certain objections of the special guardian and determined that five mortgage participation investments, made and reported in the account, were unauthorized and unlawful, improvident and negligent. By the decree the appellants are directed to pay $95,773.98 into the principal of the trust to reimburse it for the investments. There are five mortgage participation investments for which the accountants have been surcharged, four in the State of Pennsylvania and one in the State of New Jersey.

The main question involved is whether the appellants, as trustees, were authorized to lend on the security of land elsewhere than in the State of New York. The Surrogate in his opinion stated: " The rule is that a resident's estate should be administered here and the estate investments and securities kept here. In particular the rule is that no investment shall be made in land or in securities affecting land located without this State." (180 Misc. 829, 831.)

The testator died a resident of New York County on December 5, 1923. The entire net estate was bequeathed to the appellants and to the widow, as trustees. The income was directed to be paid to the widow for life or until remarriage, subject to a payment of $250 per month to each of the three daughters, who are all appellants. Upon the death of the widow, the daughters having all survived their mother, it was provided that the principal was to be divided into three equal shares and income from a share was to be paid to each daughter for life, with division of the principal, *per stirpes,* to her issue upon death of each life beneficiary. Each daughter has a child or children, all of them adults. There are two great grandchildren,

both infants, and both descendants of the eldest daughter. The court designated a special guardian to represent the children. The latter objected to the investments which appear in the account.

The testator and his wife were born in Philadelphia; they were married there; and their children were born and raised in that city. For business reasons, the testator and his wife lived in New York for several years prior to his death. How ever, they owned and maintained a home in Philadelphia. Incidentally, it might be remarked that the testator was buried in Philadelphia. Immediately after his death, the testator's wife, who was an executor and trustee, returned to Philadelphia. where she resided until her death on April 4, 1940. The testator's three children, all of whom are executors and trustees, have continued since their birth to live and raise their families in Philadelphia, with the exception of Grace Pessano Richards, who resided outside the State of Pennsylvania between 1920 and 1925. The fifth executor and trustee is Girard Trust Com pany, which has its office in Philadelphia and has never had an office in this State. The assets of the estate were placed in the vaults of Girard Trust Company and have been kept and administered from there. At the time the investments here complained of were made, no trustee had a New York residence. They all resided, together with their beneficiaries, in the city of Philadelphia.

In that part of his will in which the testator referred to investment of the trust funds, he said: "I direct further, and it is my will, that my executors and trustees may retain any investment made by me during my lifetime in the same form as made, and may invest and reinvest funds and property and the proceeds thereof in any form of securities without regard to the requirements of any law as to investments of executors and trustees, but shall have full power and authority to invest in securities, stocks, bonds, or other investments which, in their judgment, are safe and for the best interest of my estate; and I request that so far as possible they shall retain any investments made by me during my lifetime in the same form as made.''

We are inclined to the view that the language employed by the testator, when considered in the light of the investments which he made during his lifetime, is broad enough to exempt his daughters and also the estate of his widow, together with the trust company, from any liability for the investments they made in the State of Pennsylvania and also in the State of New Jersey.

A situation analogous to that here presented is found in the opinion of Surrogate WINGATE in the *Matter of Clark* (165 Misc. 801). There, the trustee was a resident of the State of Connecticut. Here, all of the trustees were residents of the State of Pennsylvania at the time the investments were made, and the surviving trustees still reside there.

In the light of all the relevant factors contained in the record, the provisions of paragraph "9" of the will, hereinbefore quoted, are broad enough to permit investments in mortgages upon real property outside the State of New York. Upon this record it may not be said that the investments complained of were negligently or improvidently made.

While the notice of appeal is directed to other portions of the decree, in view of the briefs submitted by the appellants wherein no points are raised other than the one heretofore discussed, we are naturally inclined to the view that the appellants have abandoned their other objections to the decree as entered.

The decree so far as appealed from should, therefore, be modified by overruling and dismissing the objections to such investments, and eliminating therefrom all provisions surcharging the trustees for having made the investments in question. As so modified, the decree insofar as appealed from should be affirmed, with costs to the appellants payable out of the fund.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Decree so far as appealed from unanimously modified by overruling and dismissing the objections to such investments, and eliminating therefrom all provisions surcharging the trustees for having made the investments in question, and as so modified affirmed, with costs to the appellants payable out of the fund. Settle order on notice.