■ SONYA WEILER, Appellant, v RICHARD WEILER, Respondent.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered December 26, 1989 in Rockland County, which, inter alia, denied plaintiff's application for a probation investigation and forensic evaluation and for defendant to submit to a mental examination.

This is a bitterly contested divorce action which includes a

cause of action to set aside a separation agreement. The agreement provides for joint custody of two children but places primary residence with defendant and requires that he consult with plaintiff only on extraordinary or unusual matters. Each party now seeks sole custody of the children.

Plaintiff moved for immediate sole custody, for a finding that defendant was in contempt of court for violating her visitation rights, for an order directing the parties and children to submit to a probation investigation and forensic evaluation, for an award of counsel fees and for an order directing defendant to submit to a mental examination to be conducted by a specific psychiatrist. Defendant did not oppose the demand for a probation investigation and forensic evaluation, but contended that a mental examination was inappropriate because the doctor specified was plaintiff's treating psychiatrist. Supreme Court deferred decision on custody, contempt and counsel fees to trial, and denied plaintiff's request for the forensic evaluation and mental examination. On this appeal by plaintiff,* we have been denied the benefit of the court's reasoning in the absence of a written decision.

Inasmuch as defendant did not object to the probation investigation and forensic evaluation, it was an abuse of discretion to deny the request here in view of the contested custody situation and serious cross-allegations involving the parties and the children (see, Giraldo v Giraldo, 85 AD2d 164; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:18, at 619-620). However, we find that the denial of the mental examination was proper for two reasons. The psychiatrist who has been treating plaintiff cannot be considered impartial, nor has plaintiff shown that a mental examination of defendant is either appropriate or necessary.

Order modified, on the law, without costs, by granting plaintiff's motion to the extent that the parties and the children are directed to submit to a probation investigation and forensic evaluation, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.

---

* While appealing the entirety of the order to the extent that it denied her motion, plaintiff, by her brief, has limited her appeal to the denial of her request for the probation investigation and forensic evaluation and an order directing the mental examination of defendant (see, Matter of Pessano, 269 App Div 337, 341, affd 296 NY 564). Defendant has not participated in this appeal.