■ In the Matter of Lois HISER, Respondent-Appellant, v E. BRUCE HISER, Appellant-Respondent. (And Another Related Proceeding.)—Weiss, J. Cross appeals from an order of the Family Court of Rensselaer County (Spain, J.), entered July 31, 1990, which, in two proceedings pursuant to Family Court Act article 6, *inter alia,* dismissed applications for sole custody of the parties' child.

The parties were married in 1971 and entered into a separation agreement in June 1983. They had three children, two from petitioner's earlier marriage who were adopted by respondent and a son born in April 1975. The separation agreement provided for joint custody and support for the minor children. Since 1986, the parties have exercised the joint custody by equally sharing physical custodial time with their youngest son under varying agreed-upon schedules. The parties were divorced in 1989 by which time the older children had reached their majority.

The separation agreement provided for weekly child support payments to petitioner for the youngest two children (the older now being emancipated) until January 31, 1985 regardless of where the children resided, and thereafter child support would be renegotiated based upon the parties' circumstances at that time. On January 31, 1985, the target date, petitioner was living outside the United States and the youngest two children resided solely with respondent.

These proceedings were commenced for custody, child support and support arrearages. Apparently in granting the divorce the Judicial Hearing Officer to whom the matter had

been referred for hearing and determination left these issues for resolution by Family Court. After a hearing Family Court found child support arrearages of $10,650 under the agreement, $1,725 due in retroactive child support from the date of the petition for child support, and set child support payable to petitioner at $75 per week. The court also directed petitioner to maintain coverage for the child on her health insurance plan, directed respondent to reimburse petitioner for the related expense, and directed the parties to equally share uninsured medical expenses of their son. Family Court could "find no legitimate reason to alter the joint custody/shared physical custody arrangement", but nevertheless did alter the arrangement by making petitioner the "key decision maker" in the son's life. Both parties have appealed.

Initially, several arguments may be disposed of summarily. Family Court did not have subject matter jurisdiction to enforce or interpret the separation agreement which stood as an independent contract between the parties (see, Matter of Zamjohn v Zamjohn, 158 AD2d 895, 896) and, accordingly, that portion of the order setting arrearages ($10,650) under the agreement cannot stand. On the other hand, those arrearages resulting from the retroactive effect of the current child support order to the date of the filing of the petition ($1,725) are mandatory (Family Ct Act § 449) and therefore must be allowed. While both parties have appealed the entirety of Family Court's order, they have failed to address in their appellate briefs any issues affecting the validity of the amount of current child support ($75 weekly, health insurance, medical expenses) and, accordingly, are found to have abandoned their objections to those portions of the order (see, Matter of Pessano, 269 App Div 337, 341, affd 296 NY 564; see also, People v Jansen, 145 AD2d 870, 871, lv denied 73 NY2d 923; Matter of Smith, 91 AD2d 789, 790).

Finally, we disagree with the alteration of the joint custodial arrangement by appointing petitioner as the "key decision maker". Family Court expressed a single generalized concern that the son should be more involved in key decisions affecting him and that petitioner appeared to be a better communicator. The joint custody arrangement was found to work well and our review of the record failed to establish any key decisions since 1986 upon which the parties were unable to agree. Despite the personal animosity between the parties, particularly over their financial relationship, there is neither "familial chaos" (Braiman v Braiman, 44 NY2d 584; see, Trapp v Trapp, 136 AD2d 178, 187) nor material changes in

the parties' relationship since 1986 *(see, Matter of Ebert v Ebert,* 38 NY2d 700) warranting a modification of the agreed-upon custodial arrangements which the parties themselves had determined was best for their son. We find that there was no basis to support a modification of the joint custodial agreement.

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by deleting the second and fourth decretal paragraphs on the second page of the order, the first, second, third, fourth, fifth and sixth decretal paragraphs on the third page of the order, and the second and third decretal paragraphs of the fourth page of the order, and, as so modified, affirmed.