■ In the Matter of DEVON DUPREE F. and Others, Children Alleged to be Permanently Neglected. ANNIE W., Appellant; McMAHON SERVICES FOR CHILDREN, Respondent. [747 NYS2d 501] —Order, Family Court, Bronx County (Gayle Roberts, J.), entered on or about November 27, 2001, which denied respondent's motion to vacate four orders of the same court and Judge entered on or about March 16, 2001, which, upon findings that respondent permanently neglected the subject children, terminated respondent's parental rights and transferred custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Family Court properly exercised its discretion in denying respondent's motion to vacate her default in light of her failure to demonstrate a reasonable excuse for the default and a meritorious defense (*see Matter of Derrick T.*, 261 AD2d 108). Respondent offered no evidence to substantiate her claim that she was incarcerated and thus unable to attend the fact-finding and dispositional proceedings in this matter, nor did she proffer any evidence that she gave either her attorney or the court any notice of her inability to appear (*see Matter of Ashley Marie M.*, 287 AD2d 333). Further, respondent offered no explanation as to why she waited almost nine months to move to vacate her default (*id.*).

Respondent also failed to substantiate her defense that she was unable to visit the children regularly because she was hospitalized due to an illness. She provided no documentation confirming her alleged hospitalization, nor did she provide evidence that she attempted to notify the agency of her illness

and hospitalization (*see Matter of Monica Irene C.*, 262 AD2d 69; *Matter of Derrick T., supra* at 109). In addition, respondent failed to set forth evidence that she had completed or remained in a drug treatment program or that she was drug free.

In any event, there was clear and convincing evidence to support Family Court's finding of permanent neglect against respondent based on her failure to substantially and continuously, or repeatedly, maintain contact with her children, or to plan for their future, during the statutorily relevant period (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368). Notwithstanding the agency's diligent efforts in arranging scheduled visitation and in making referrals for drug treatment programs, respondent failed to appear regularly for scheduled visits and to complete a drug treatment program (*see Matter of Amanda R.*, 215 AD2d 220, *lv denied* 86 NY2d 705).

We have considered respondent's remaining arguments and find them unavailing. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.