■ In the Matter of LEE P. LAKESIDE FAMILY AND CHILDREN'S SERVICES, Respondent; LEON F., Appellant. [757 NYS2d 786] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of permanent neglect and abandonment, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Kings County (Porzio, J.), dated June 26, 2000, which, after fact-finding and dispositional hearings, found that he permanently neglected and abandoned the subject child, terminated his parental rights, and transferred custody and guardianship

rights jointly to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly determined that there was clear and convincing evidence of the father's abandonment of the child based on his failure to contact the child or communicate with the petitioner agency during the six-month period before the filing of the petition (*see* Social Services Law § 384-b [4] [b]; [5] [a]). The father did not establish that he was unable to contact either the child or the agency during that period (*see Matter of Julius P.,* 63 NY2d 477 [1984]; *Matter of St. Christopher-Ottillie v Troy Donnell M.,* 210 AD2d 233 [1994]; *Matter of Trudell W.,* 119 AD2d 828 [1986]). In light of this determination, we need not address the issue of permanent neglect.

Furthermore, the Family Court properly determined that the child's best interests would be served by terminating the father's parental rights and freeing the child for adoption (*see* Family Ct Act §§ 623, 631; *Matter of Star Leslie W.,* 63 NY2d 136 [1984]; *Matter of Messiah Quwan D.,* 288 AD2d 383 [2001]; *Matter of Desire Star H.,* 202 AD2d 582 [1994]). Ritter, J.P., S. Miller, Schmidt and Adams, JJ., concur.