■ ˙ In the Matter of DABARI S. MERCYFIRST et al., Respondents; DAWN S., Appellant. [818 NYS2d 91]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of permanent neglect and abandonment, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition (one paper) of the Family Court, Queens County (Bogacz, J.), dated November 17, 2004, as, after fact-finding and dispositional hearings, terminated her parental rights upon a finding that she permanently neglected the subject child, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

To terminate parental rights based upon permanent neglect, the petitioning agency must establish, by clear and convincing evidence, that the parent failed, for a period of more than one year following the date the child came into care, "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding . . . diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.*, 63 NY2d 136, 142-

143 [1984]; *Matter of Sheila G.,* 61 NY2d 368, 381-386 [1984]). Here, the agency met its burden by establishing that, during the relevant time period, the mother failed to maintain regular contact with the child, failed to complete a parenting skills class, and failed to avail herself of mental health services to which she had been referred, all of which were a necessary part of the plan for the child's return, despite the agency's diligent efforts to strengthen and encourage the parent-child relationship *(see Matter of Star Leslie W., supra; Matter of Ebony Starr B.,* 14 AD3d 507 [2005]; *Matter of Chimere C.,* 259 AD2d 615 [1999]).

The Family Court properly concluded that termination of parental rights was in the child's best interest. Moreover, the child, age 16 at the time of the order of fact-finding and disposition, expressed a clear preference not to be reunited with her natural mother *(see* Social Services Law § 384-b [3] [k]). The child, having bonded with her foster parents, was happy and thriving. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.