■ In the Matter of PORTIA J. LAKESIDE FAMILY AND CHILDREN'S SERVICES, INC., Respondent; CONCHITA J., Appellant. [829 NYS2d 605]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Queens County (Richroath, J.), dated February 23, 2006, which, after fact-finding and dispositional hearings, and upon a decision of the same court dated December 7, 2005, found that she had permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly determined that she had permanently neglected the subject child (see Social Services Law § 384-b [7] [a]), who had been in the petitioner's care for several years. The petitioner established, by clear and convincing evidence (see Social Services Law § 384-b [3] [g]), that during the relevant time period, it had fulfilled its duty to exercise diligent efforts to strengthen and encourage the parent-child relationship (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 383 [1984]), and that despite these efforts, the mother had unjustifiably failed to plan for the child's future (see Matter of Jamie M., 63 NY2d 388, 393 [1984]; Matter of Jennifer R., 29 AD3d 1005, 1006-1007 [2006]; Matter of Alicia Shante H., 245 AD2d 509, 510 [1997]; cf. Matter of Michael Dennis C., 121 AD2d 535, 536 [1986]). Furthermore, under the circumstances, the court properly determined that the best

interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption by her foster mother (*see* Social Services Law § 384-b [3] [k]; *Matter of Dabari S.*, 29 AD3d 593, 594 [2006]; *Matter of Ashey Lorraine R.*, 22 AD3d 671, 672 [2005]; *Matter of Juanita F.*, 291 AD2d 496 [2002]).

The mother's remaining contentions are without merit. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.