■ In the Matter of NINA SPELMAN, Appellant, v KIM SPELMAN, Respondent. [916 NYS2d 810]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Nassau County (Greenberg, J.), dated September 30, 2009, as denied her objection to so much of an order of the same court (Miller, S.M.), dated May 27, 2009, as, in effect, granted that branch of the father's motion which was to dismiss her petition, in effect, to enforce the provisions of a judgment of divorce dated January 12, 1994, incorporating the parties' stipulation of settlement, allegedly obligating the father to share the expenses of their daughter's college education incurred after her 21st birthday, for lack of subject matter jurisdiction, and (2) an order of the same court (Greenberg, J.), dated February 8, 2010, as denied her objections, in effect, to so much of three orders of the same court (Miller, S.M.), two dated November 4, 2009, and one dated November 9, 2009, as purportedly denied her request for "a full financial disclosure and a recalculation of the weekly child support of [the] unemancipated child."

Ordered that the order dated September 30, 2009, is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's objection is granted, that branch of the father's motion which was to dismiss the mother's petition for lack of subject matter jurisdiction is denied, the petition is reinstated, and the order dated May 27, 2009, is modified accordingly; and it is further,

Ordered that the order dated February 8, 2010, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the Support Magistrate's determination, the Family Court had subject matter jurisdiction over the mother's petition, which effectively asked the court to enforce the provisions of the parties' judgment of divorce, incorporating their stipulation of settlement, allegedly obligating the father to share the expenses of their daughter's college education incurred after her 21st birthday (*see* Family Ct Act § 443; *Matter of Cancilla v Cancilla*, 22 AD3d 490, 491-492 [2005]; *see generally Reynolds v Reynolds*, 71 AD2d 837, 838-839 [1979]; *cf. e.g. Matter of Hiser v Hiser*, 175 AD2d 353, 354 [1991]).

The Support Magistrate's two orders dated November 4, 2009, and order dated November 9, 2009, were entered upon the mother's consent. Since a party who consents to an order is not aggrieved thereby, the Family Court properly denied the mother's objections to those orders (*see* CPLR 5511; *Matter of Reilly v Reilly*, 49 AD3d 883 [2008]; *Matter of Gittens v Chin-On*, 19 AD3d 596 [2005]). In any event, with respect to the mother's request for financial disclosure, in the order dated November 9, 2009, the Support Magistrate directed the father to provide the mother with the requested financial disclosure. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.