■ In the Matter of KIRA J., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAKISHA J., Appellant. [925 NYS2d 854]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition (one paper) of the Family Court, Nassau County (Dane, J.), dated May 18, 2010, which, after a hearing, inter alia, found that she neglected the subject child and imposed certain conditions in connection with her custody of the subject child, and (2) an order of protection of the same court also dated May 18, 2010, which, upon the order of fact-finding and disposition, and upon the mother's consent, directed her to stay away from the child, except for supervised visits approved by the petitioner. The notice of appeal from an order of the same court dated December 19, 2009, is deemed a premature notice of appeal from the order·of fact-finding and disposition dated May 18, 2010 (*see* CPLR 5520 [c]).

Ordered that the appeal from order of protection is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The appellant is not aggrieved by the order of protection dated May 18, 2010, because she consented to the relief granted in that order. Therefore, the appeal from the order of protection must be dismissed (*see Matter of Child Welfare Admin. v Jennifer A.*, 218 AD2d 694, 695 [1995]).

The finding of neglect, which was the subject of contest in the Family Court and, therefore, reviewable on appeal, is supported by the preponderance of the evidence (*see* Family Ct Act § 1046 [b]). The petitioner was not required to demonstrate actual harm to the subject child to establish neglect; rather, proof of an imminent danger of impairment of the child's physical, mental, or emotional condition was sufficient (*see* Family Ct Act § 1012 [f]; *Matter of Soma H.*, 306 AD2d 531 [2003]).

The Family Court credited the testimony of the consulting

psychologist for the Nassau County Division of Forensic Services that the mother suffered from untreated mental illness. The Family Court's credibility determination was entitled to great weight (*see Matter of Madison H.*, 66 AD3d 898 [2009]). Further, the Family Court noted that the expert's testimony was corroborated by the mother's behavior in court (*see Matter of Barbara S.*, 244 AD2d 556, 557 [1997]).

As a result of her untreated mental illness, the mother was unable to care for her child, failed to maintain stable housing for the child, and was forced to rely on relatives to care for the child (*see Matter of Jason Brian B.*, 33 AD3d 995, 996 [2006]). Further, the mother does not dispute that, during the course of the 2007-2008 academic year, when the child was enrolled in the first grade, the mother withdrew the child from school without a legitimate justification or excuse, causing the child to be absent from school for 35 days during that academic year (*see Matter of My'Kia A.*, 8 AD3d 481 [2004]; *Matter of Fatima A.*, 276 AD2d 791, 792 [2000]; *Matter of Michael W.*, 123 AD2d 874, 875 [1986]).

The mother's remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.