■ In the Matter of JAVON D.B. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK et al., Respondents; ERICA B., Appellant [994 NYS2d 155]—

In a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Richroath, J.), dated May 6, 2013, which, after fact-finding and dispositional hearings, found that she

permanently neglected the subject child, terminated her parental rights, and transferred the guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner Little Flower Children and Family Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The mother contends that the Family Court improperly found that she permanently neglected the subject child (see Social Services Law § 384-b [7] [a]). Contrary to the mother's contention, the petitioner Little Flower Children and Family Services of New York (hereinafter the petitioner) established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship by developing a service plan with the mother, which included therapy and psychiatric treatment, parenting skills courses, and regular visitation, and referring her to parenting programs, repeatedly encouraging her to attend those programs and therapy and to follow through with the service plan, and monitoring her progress (see Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Jessica C. [Johanna B.], 117 AD3d 1044, 1044-1045 [2014]; Matter of Precious D.A. [Tasha A.], 110 AD3d 789, 789-790 [2013]). The mother's contention that the petitioner failed to create a service plan tailored to her needs is without merit in light of her failure to consistently attend the mental health treatment services and her failure to follow through with the petitioner's repeated referrals to parenting programs (see e.g. Matter of Elijah D.W. [Tamica S.E.], 118 AD3d 812, 813 [2014]; Matter of Temple S.M. [Tricia M.], 97 AD3d 681, 681-682 [2012]; Matter of Deajah Shabri T., 44 AD3d 1060, 1061 [2007]).

The petitioner also established that, despite its diligent efforts, the mother failed, for a period of more than one year, to maintain contact with or plan for the future of the subject child, failed to consistently attend visitation sessions with the subject child, and otherwise failed to comply with the service plan (see Social Services Law § 384-b [7] [c]; Matter of Precious D.A. [Tasha A.], 110 AD3d at 789; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 543-544 [2013]; Matter of Christina M.R. [Lynette Cassandra C.], 101 AD3d 1021, 1021 [2012]). The record does not support the mother's contention that she was physically unable to attend the visits (see Matter of Devon Dupree F., 298 AD2d 103, 103-104 [2002]).

Accordingly, the Family Court properly found that the mother permanently neglected the subject child and properly concluded

that it was in the child's best interests to terminate the mother's parental rights and transfer custody and guardianship of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.