■ In the Matter of YU F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FEN W., Appellant. [996 NYS2d 186]—

In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Hunt, J.), dated May 1, 2013, which, after a fact-finding hearing, found that she neglected the subject child, and (2) an order of disposition of the same court (Richroath, J.) dated June 4, 2013, which, upon her default in appearing at the dispositional hearing, released the child to the care of the father under the supervision of the Administration for Children's Services for a period of six months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is

brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from the order of disposition is dismissed, without costs or disbursements, except insofar as it brings up for review the finding that the mother neglected the subject child; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Where, as here, the order of disposition appealed from was made upon the appellant's default, review is limited to matters which were the subject of contest in the Family Court (*see Matter of Lucinda A. [Luba A.]*, 120 AD3d 492 [2014]). Moreover, any challenge to the order of disposition would be academic inasmuch as the order has expired by its own terms (*see Matter of Jessina O. [Jessica S.]*, 89 AD3d 736, 737 [2011]). Accordingly, on these appeals, review is limited to the finding that the mother neglected the subject child.

The Family Court properly determined that the petitioner proved, by a preponderance of the evidence, that the mother neglected the subject child by reason of her untreated mental illness, which rendered her unable to provide adequate supervision and guardianship, thus placing the child's physical, mental, and emotional condition in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Immanuel C.-S. [Debra C.]*, 104 AD3d 615, 615 [2013]; *Matter of Isaiah M. [Antoya M.]*, 96 AD3d 516, 517 [2012]; *Matter of Cerenithy Ecksthine B. [Christian B.]*, 92 AD3d 417, 417 [2012]; *Matter of Kira J. [Lakisha J.]*, 85 AD3d 1030, 1030 [2011]). At the fact-finding hearing, a psychiatrist who had diagnosed the mother with a psychosis disorder and had involuntarily hospitalized her overnight testified that, if returned to the mother, the child would be at risk of being neglected because of the mother's untreated mental illness. The psychiatrist testified that the mother refused to provide contact information for anyone who could care for the child during her hospitalization, and had no plan for the child during her hospitalization. She further testified that the mother told her that the then nine-year-old child actually took care of the mother. A hospital social worker testified that, due to the mother's behavior, he had been unable to develop a discharge plan for the mother that ensured that she could safely care for the child. In light of this testimony, the petitioner "was not obligated to prove that the child suffered past or present harm, since the evidence demonstrated that [she] was at risk of harm based on demonstrable conduct by the mother" (*Matter of Immanuel C.-S. [Debra C.]*, 104 AD3d at

615; *see Matter of Kira J. [Lakisha J.]*, 85 AD3d at 1030; *Matter of Soma H.*, 306 AD2d 531, 531 [2003]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.