■ In the Matter of ANGELINA K. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA W., Appellant. [33 NYS3d 405]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Theresa Whelan, J.), dated May 7, 2015. The order of fact-finding and disposition, upon a decision of that court also dated May 7, 2015, made after a fact-finding hearing, and upon the mother's failure to appear at a dispositional hearing, found that the mother neglected the subject child and placed the mother under the supervision of the Suffolk County Department of Social Services and the child in the custody of the maternal great-aunt until the completion of the next permanency hearing. The notice of appeal from the decision is deemed to be a notice of appeal from the order of fact-finding and disposition (see CPLR 5512 [a]).

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the mother under the supervision of the Suffolk County Department of Social Services and the child in the custody of the maternal great-aunt until the completion of the next permanency hearing is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Shortly after the subject child was born, the Suffolk County Department of Social Services filed a petition pursuant to Family Court Act article 10 alleging that the mother neglected the child by misusing drugs. Following a fact-finding hearing, at which the mother appeared, and a dispositional hearing, at which the mother failed to appear, the Family Court issued an order of fact-finding and disposition which, inter alia, found that the mother neglected the child. The mother appeals.

Where, as here, the order of fact-finding and disposition appealed from was made upon the appellant's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Yu F. [Fen W.], 122 AD3d 761, 762 [2014]). Moreover, any challenge to the dispositional portion of the order of fact-finding and disposition would be academic inasmuch as the disposition has expired by its own terms (see Matter of Jessina O. [Jessica S.], 89 AD3d 736, 737 [2011]). Accordingly, on this appeal, review is limited to the finding that the mother neglected the child.

The Family Court properly determined that the mother's use of heroin and morphine in the latter stages of her pregnancy, her positive drug test within a few months after the child's birth, and her prior, demonstrated inability to adequately care for her children while misusing drugs constituted neglect of the child (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [i]; [b] [i]; Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]; Matter of Benicio H. [Charlene H.], 115 AD3d 857, 858 [2014]; Matter of Keira O., 44 AD3d 668, 671 [2007]). Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.