■ In the Matter of Tyshawn S. Suffolk County Department of Social Services, Respondent; Shana S. et al., Appellants. [39 NYS3d 508]—

Separate appeals by the mother and the father from (1) a decision of the Family Court, Suffolk County (Caren Loguercio, J.), dated June 26, 2015, and (2) an order of fact-finding and disposition of that court dated July 10, 2015. The order of fact-finding and disposition, after fact-finding and dispositional

hearings, upon the decision, found, upon the mother's consent, that the mother had neglected the subject child, found that both parents had permanently neglected the subject child and that the father also abandoned the subject child, terminated the parental rights of both parents, and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeals from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the mother's appeal from so much of the order of fact-finding and disposition as found that the mother had neglected the subject child is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Suffolk County Department of Social Services (hereinafter the agency) commenced this proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother on the basis of permanent neglect and to terminate the parental rights of the father on the basis of permanent neglect and abandonment. After fact-finding and dispositional hearings, the Family Court found, inter alia, that the mother permanently neglected the subject child and that the father permanently neglected and abandoned the subject child. It then terminated their parental rights and transferred guardianship and custody of the subject child to the agency for the purpose of adoption. The mother and the father separately appeal.

The mother is not aggrieved by the finding that she had neglected the subject child, because she consented to the finding. Therefore, her appeal from so much of the order of fact-finding and disposition as made that finding must be dismissed (*see Matter of Kira J. [Lakisha J.]*, 85 AD3d 1030 [2011]).

Contrary to the mother's contention, the agency established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen her relationship with the subject child (*see Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1169 [2011]). These efforts included, inter alia, making referrals to parenting services, arranging a mental health evaluation, and facilitating visitation. Despite these efforts, the mother failed to plan for the child's future and failed to visit the child on a regular, consistent basis (*see Matter of Dabari S.*, 29 AD3d 593 [2006]). Although the mother participated and

completed a parenting course and underwent a mental health evaluation, those acts were not sufficient to preclude a finding of permanent neglect, since there was no real change in her ability to care for her child or to adequately provide for his future (*see Matter of "Female" C.*, 55 AD3d 603 [2008]).

In addition, the evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the father abandoned the subject child during the six-month period before the filing of the petition (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Andrea B.*, 66 AD3d 770, 770-771 [2009]). In light of our determination, we need not address the father's contention that he did not permanently neglect the subject child (*see Matter of Akeelah D.C.-S. [Cheniqua C.-S.]*, 126 AD3d 967, 968 [2015]; *Matter of Lee P.*, 304 AD2d 760, 761 [2003]; *Matter of Messiah Quwan D.*, 288 AD2d 383 [2001]).

Further, the Family Court did not err in declining to grant the father a suspended judgment. A suspended judgment is not a permissible disposition in a proceeding pursuant to Social Services Law § 384-b (4) (b) (*see Matter of Alexandryia M.M.B. [Heather C.]*, 132 AD3d 664, 665 [2015]; *Matter of Carter A. [Jason A.]*, 111 AD3d 1181, 1183 [2013]; *Matter of Erving BB. [Lynette EE.]*, 111 AD3d 1102, 1104 [2013]; *Matter of Shavenon Edwin N. [Francisco N.]*, 84 AD3d 444, 445 [2011]). The court also properly determined that it was not in the child's best interest to grant the mother a suspended judgment (*see Matter of Kaseem J.*, 52 AD3d 1321, 1322 [2008]). Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.