■ In the Matter of SASHA J.J. PUTNAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE L., Appellant. (Proceeding No. 1.) In the Matter of JANIYA R.J. PUTNAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE L., Appellant. (Proceeding No. 2.) [39 NYS3d 828]—

Appeal from an order of fact-finding and disposition of the Family Court, Putnam County (James T. Rooney, J.), entered April 17, 2015. The order, upon the mother's consent to an entry of fact-finding without admission, and upon her failure to appear at a dispositional hearing, found that the mother neglected the child Darien M. and derivatively neglected the children Janiya R.J. and Sasha J.J., and, inter alia, directed the mother to comply with certain terms and conditions.

Ordered that the appeal is dismissed, without costs or disbursements.

The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging that the mother neglected the child Darien M. by using excessive corporal punishment, and derivatively neglected the children Janiya R.J. and Sasha J.J. During the presentation of the petitioner's case at the fact-finding hearing, an agreement was reached by the parties that

the mother would consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051 (a). Subsequently, the mother failed to appear for a dispositional hearing on March 10, 2015, and, in her absence, the court granted the dispositional relief requested by the petitioner. In an order of fact-finding and disposition entered April 17, 2015, the court found that the mother neglected the child Darien M. and derivatively neglected the children Janiya R.J. and Sasha J.J., and it directed the mother to comply with certain terms and conditions. The mother appeals from that order.

The mother is not aggrieved by so much of the order as found that she neglected the child Darien M. and derivatively neglected the children Janiya R.J. and Sasha J.J., as those portions of the order were entered upon her consent (*see* CPLR 5511; *Matter of Robert Jordan G. [Robert D.]*, 97 AD3d 576, 577 [2012]; *Matter of Enasysia Tylesha R. [April Deann R.]*, 83 AD3d 946, 947 [2011]; *Matter of Spelman v Spelman*, 81 AD3d 837, 838 [2011]; *Matter of Reilly v Reilly*, 49 AD3d 883, 884 [2008]). Nor is she aggrieved by the dispositional portions of the order that were made upon her default (*see* CPLR 5511; *Matter of Angelina K. [Jessica W.]*, 140 AD3d 877 [2016]; *Matter of Yu F. [Fen W.]*, 122 AD3d 761, 762 [2014]; *Matter of Lucinda A. [Luba A.]*, 120 AD3d 492, 493 [2014]). Accordingly, the appeal must be dismissed. To the extent that the mother contends that she did not voluntarily consent to the finding of neglect, the mother must move in the Family Court to vacate or resettle the order (*see* *Elsayed v Edrees*, 141 AD3d 503, 504 [2016]; *Matter of Strang v Rathbone*, 108 AD3d 565 [2013]). Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.