Matter of Ronald Kendell G. (Janet G.) (2019 NY Slip Op 01321)





Matter of Ronald Kendell G. (Janet G.)


2019 NY Slip Op 01321


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8473

[*1]In re Ronald Kendell G., III, and Another, Children Under the Age of Eighteen Years, etc., Janet G., Respondent-Appellant, Saint Dominic's Family Services, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the children.



Order, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about April 13, 2018, which denied respondent mother's motion to vacate an order, same court and Judge, entered on or about March 23, 2018, which, upon the mother's default, determined that she permanently neglected the subject children, terminated her parental rights, and committed custody and guardianship of the children to petitioner agency and the Commissioner for the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the mother's motion to vacate her default because she failed to substantiate her claim that employment in Pennsylvania prevented her from timely attending the hearing (see Matter of Derrick T., 261 AD2d 108 [1st Dept 1999]). Notwithstanding that the day before the hearing both the mother's counsel and the agency warned her that she must appear, the mother failed to contact the court or counsel to advise them that while she intended to appear, she would be late (see Matter of Ilyas Zaire A.-R. [Habiba A.-R.], 104 AD3d 512 [1st Dept 2013], lv denied 21 NY3d 859 [2013]). The mother's excuse was also unreasonable in light of her pattern of nonappearances (id. at 512-513).
The mother also failed to establish a meritorious defense to the allegations of permanent neglect. Despite the mother's claims to the contrary, the agency exercised diligent efforts to reunite her with the children (see Matter of Janaya T. [Sarah T.], 165 AD3d 566 [1st Dept 2018]). Although the mother participated in certain services, there was no change in her ability to care for the children (see Matter of Tyshawn S. [Shana S.], 143 AD3d 990 [2d Dept 2016]).
Furthermore, the preponderance of the evidence supported the finding that termination of the mother's parental rights was in the children's best interest. The record shows that the foster [*2]mother, who is also the children's paternal grandmother, has cared for the children for several years and tends to their special needs (see Matter of Angel P., 44 AD3d 448, 449 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK