Matter of Comoletti v Papapietro (2019 NY Slip Op 02519)





Matter of Comoletti v Papapietro


2019 NY Slip Op 02519


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09757
 (Docket Nos. F-2708-06/17F/17G)

[*1]In the Matter of Margaret Comoletti, respondent,
v
Rocco Papapietro, Jr., appellant. (Proceeding No. 1)
In the Matter of Rocco Papapietro, Jr., appellant, Margaret Comoletti, respondent. (Proceeding No. 2)


Rocco Papapietro, Jr., Staten Island, NY, appellant pro se.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Arnold Lim, J.), dated July 9, 2018. The order denied the father's objections to two orders of the same court (Janele Hyer-Spencer, S.M.), both dated April 12, 2018, which, inter alia, after a hearing, and upon the parties' consent, respectively, granted that branch of the mother's petition which was to enforce certain provisions of an order of support dated July 26, 2010, and directed the father to pay $10,000 in satisfaction of all arrears for unreimbursed health care expenses at the rate of $150 per month, and granted that branch of the father's petition which was for a downward modification of his child support obligation only to the extent of reducing his obligation to the sum of $95 per week.
ORDERED that the order dated July 9, 2018, is affirmed, without costs or disbursements.
The parties, who have two children together, were divorced by a judgment of divorce dated May 16, 2005. An order of support dated July 26, 2010, set forth the parties' child support obligations. In an order dated March 19, 2016, the father's child support obligation was increased due to a cost of living adjustment, effective May 27, 2016. In October 2017, the mother filed a petition seeking, among other things, to enforce certain provisions of the order of support dated July 26, 2010. Subsequently, the father filed a petition seeking a downward modification of his child support obligation.
During a hearing before a Support Magistrate, the parties agreed to resolve the petitions. The Support Magistrate issued two orders on consent, both dated April 12, 2018. The father filed objections to the orders. In an order dated July 9, 2018, the Family Court denied the father's objections, inter alia, based upon the parties' consent to the orders dated April 12, 2018. The father appeals.
Contrary to the father's contention, under the circumstances of this case, he was not deprived of his right to counsel (see Family Ct Act §§ 262[a][vi]; 454[2][a]; Matter of Brunelle v [*2]Bibeau, 18 AD3d 927, 928; cf. Matter of Scott v Scott, 62 AD3d 714, 715). Moreover, the Support Magistrate providently exercised her discretion in denying the father's request for an adjournment (see generally People v Arroyave, 49 NY2d 264, 271; Greenberg v Greenberg, 144 AD3d 625, 630-631; Matter of Albert v Albert, 101 AD3d 1112, 1112).
We agree with the Family Court's determination to deny the father's objections to the orders dated April 12, 2018, as the orders were entered upon the consent of the parties (see Matter of George v Neville, 143 AD3d 711, 711; Matter of Herczegh v Capolino, 140 AD3d 957, 958; Matter of Hackett v Paluck, 100 AD3d 898, 899; Matter of Cabral v Cabral, 61 AD3d 863, 864). To the extent that the father contends that he consented to the orders under duress, his remedy is to move in the Family Court to vacate the orders (see Matter of Rumple v Powell, 158 AD3d 1028, 1028; Matter of Sasha J.J. [Danielle L.], 144 AD3d 681, 682; Elsayed v Edrees, 141 AD3d 503, 504).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court