Matter of Raeydan D.E.C. (Kevin C.--Laurel McC.) (2020 NY Slip Op 06343)





Matter of Raeydan D.E.C. (Kevin C.--Laurel McC.)


2020 NY Slip Op 06343


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Docket No. B-19051-52/17 Appeal No. 12278-12278A Case No. 2019-5909 

[*1]In the Matter of Raeydan D.E.C., and Another, Children Under Eighteen Years of Age, etc., Kevin C., Respondent-Appellant, St. Dominic's Family Services, et al., Petitioners-Respondents, Laurel McC., Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Warren & Warren PC, Brooklyn (Ira L. Eras of counsel), for respondent.
George E. Reed, Jr., White Plains, attorney for the children.



Order, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about July 1, 2019, which denied respondent-father's motion to vacate an order of disposition, same court and Judge, entered on or about March 25, 2019, which, upon a finding of permanent neglect, terminated, upon his default, his parental rights to the subject children and committed the custody and guardianship of the subject children to petitioner, unanimously affirmed, without costs. Appeal from the March 25, 2019 order, unanimously dismissed, without costs, as taken from a non-appealable order.
To the extent the father appeals from the permanent neglect finding set forth in the dispositional order, the appeal must be dismissed as no appeal lies from an order entered on default (see Matter of Miguel L. v. Ashley J.L., 177 AD3d 476, 477 [1st Dept 2019]).
The court providently exercised its discretion in denying the father's request for an adjournment of the fact-finding hearing (see Matter of Winfield v Gammons, 105 AD3d 753, 754 [2d Dept 2013]).
In support of his motion to vacate his default, the father failed to demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition to terminate his parental rights (CPLR 5015 [a] [1]; see Matter of Messiah G. [Giselle F.], 168 AD3d 420 [1st Dept 2019], lv dismissed in part, denied in part 32 NY3d 1212 [2019]). The father failed to provide any details or documentation to support his claim that he was ill on the date of the hearing (see Matter of Devon Dupree F., 298 AD2d 103 [1st Dept 2002]).
The father also failed to demonstrate that he adequately planned for the children (see Matter of Tyshawn S. [Shana S.], 143 AD3d 990, 992 [2d Dept 2016]) and that it was not in the children's best interests to terminate his parental rights and free them for adoption by their long-term foster parents (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]) .THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020