Matter of Kattayam v Kattayam (2022 NY Slip Op 04804)

Matter of Kattayam v Kattayam

2022 NY Slip Op 04804

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-07656
 (Docket No. F-6317-20)

[*1]In the Matter of Radha M. Kattayam, respondent,
v
Suresh B. Kattayam, appellant.

Suresh B. Kattayam, Plainview, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated September 1, 2021. The order denied the husband's objections to so much of an order of the same court (Elizabeth A. Bloom, S.M.) dated June 28, 2021, as, upon the parties' consent, directed him to pay spousal support to the wife in the sum of $318.61 per month.
ORDERED that the order dated September 1, 2021, is affirmed, without costs or disbursements.
The parties were married in 2009 and have one child together. In October 2020, the wife commenced this support proceeding against the husband. The Support Magistrate issued an order on consent dated June 28, 2021, which, inter alia, directed the husband to pay spousal support to the wife in the sum of $318.61 per month. The husband filed objections to so much of the order as directed him to pay spousal support. In an order dated September 1, 2021, the Family Court denied the husband's objections based upon the parties' consent to the Support Magistrate's order. The husband appeals.
The Family Court properly denied the husband's objections to so much of the Support Magistrate's order as directed him to pay spousal support, since the order was entered upon the consent of the parties (see Matter of Abizadeh v Abizadeh, 176 AD3d 933, 934; Matter of Comoletti v Papapietro, 171 AD3d 745, 746; Matter of George v Neville, 143 AD3d 711, 711). To the extent that the husband contends that he did not voluntarily consent to the Support Magistrate's order, his remedy is to move in the Family Court to vacate the order (see Matter of Comoletti v Papapietro, 171 AD3d at 746; Matter of Sasha J.J. [Danielle L.], 144 AD3d 681, 682).
The husband failed to preserve for appellate review his contention that the Family Court was biased against him and unable to review the Support Magistrate's order objectively and impartially (see Matter of Berg v Berg, 166 AD3d 763, 765; Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894). In any event, the record does not reflect that the Family Court was biased against the husband (see Matter of Esposito v Rosa, 172 AD3d 858, 859).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court