Matter of D.B. (Larry B.) (2024 NY Slip Op 01775)

Matter of D.B. (Larry B.)

2024 NY Slip Op 01775

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Docket No. NN-09300/19 Appeal No. 1951 Case No. 2022-02081 

[*1]In the Matter of D.B., a Child Under Eighteen Years of Age, etc., Larry B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about January 4, 2021, to the extent it brings up for review a fact-finding order, same court (Elenor Cherry, J.), entered on or about March 31, 2020, which found that respondent father neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports Family Court's finding of neglect. Family Court found that the father verbally abused the child and continued his harsh and threatening behavior towards her, even after she had been psychiatrically hospitalized and repeatedly expressed suicidal thoughts (see Matter of Robann H. [Autumn P.], 221 AD3d 502, 503 [1st Dept 2023]; Matter of Kevin M.H. [Kenneth H.], 76 AD3d 1015, 1016 [2d Dept 2010], lv denied 15 NY3d 715 [2010]). Family Court further found that the father failed to address the child's emotional and psychological needs by, among other things, minimizing her suicidal ideation and repeated suicide attempts and actively impeding her efforts to seek medical and mental health treatment (see Matter of S.H. [Patricia W.], 176 AD3d 515, 516 [1st Dept 2019], lv denied 34 NY3d 909 [2020]; Matter of Ariel P. [Lisa W.], 102 AD3d 795, 795 [2d Dept 2013]). The court's factual findings have a sound and substantial basis in the record. The court appropriately found neglect based on the father's failure to appreciate the seriousness of his child's mental health condition and his failure to exercise a minimum degree of care in ensuring that she received appropriate treatment, which both exacerbated the child's emotional trauma and placed the child in imminent danger of further impairment (Family Court Act § 1012[f][i][A]; Matter of Ariel P. [Lisa W.], 102 AD3d at 795).
Contrary to the father's argument, the child's out-of-court statements were sufficiently corroborated by his own testimony (see Matter of Michelle S. [Yi S.], 157 AD3d 551, 552 [1st Dept 2018], lv denied 31 NY3d 904 [2018]). For example, the father admitted to fighting with the child and cursing at her in the presence of an agency liaison, admitted he prevented her from seeing family members, and testified to his "hardcore" parenting style. The father was dismissive of the child's suicidal ideation and mental condition, and admitted to failing to accompany her to the hospital to seek mental health treatment. The testimony of the agency Child Protective Specialist that the child told her in the presence of the school counselor and social worker that her father cursed at her, challenged her to fight, and otherwise spoke to her in inappropriate ways further corroborated the child's statements (see Matter of Robann H., 221 AD3d at 503). Although repetition of the same allegations may not provide sufficient corroboration of out-of-court statements, the consistency of the child's many reported statements [*2]enhanced their credibility (see Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]). In addition, the father's angry and disruptive behavior displayed throughout the proceedings further supported the court's credibility findings (see Matter of Kira J. v Lakisha J., 85 AD3d 1030, 1031 [2d Dept 2011]).
There is no reason to disturb the court's credibility findings, which are entitled to deference (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Moises G. [Luis G.], 135 AD3d 527, 527-528 [1st Dept 2016]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024